IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIRK VINCENT MAXWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:17-cv-8042-VEH |
| ) | 2:12-cr-210-VEH-JHE) |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Kirk Vincent Maxwell (hereinafter "Maxwell" or the "defendant") initiated the present action on October 17, 2017, by filing a pro se motion to "VACATE, EXPUNGE, and RELEASE" (Doc.1), which the Court treats as a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. §2255. Maxwell's unsigned and undated motion is predicated upon "fraud committed on the Court by undercover agents in [2:12-CR-210-VEH-JHE]." (*Id.*).

The Court takes judicial notice that the pending petition is Maxwell's second petition brought pursuant to 28 U.S.C. § 2255. *See* Motion To Vacate, *Kirk Vincent Maxwell v. United States*, 2:16-cv-8015-VEH. That motion was denied by the undersigned on March 22, 2016. The court further takes judicial notice that Maxwell has not demonstrated that he has permission from the Eleventh Circuit

Court of Appeals to file this successive petition.

"[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A). Because Maxwell has previously sought collateral relief pursuant to § 2255 which was dismissed, and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion. *Darby v. Hawk–Sawyer*, 405 F.3d 942, 944–45 (11th Cir.2005); *Farris v. U.S.,* 333 F.3d 1211 (2003) (same); *United States v. Harris*, 546 Fed. Appx. 898, 900 (11th Cir.2013) (unpublished opinion) ("A district court lacks the jurisdiction to hear a second or successive § 2255 motion absent authorization from a court of appeals.") (citations omitted).

Because this court lacks jurisdiction to entertain the instant § 2255 Petition, this action is hereby **DISMISSED WITHOUT PREJUDICE** to allow Maxwell the opportunity to seek authorization from the Eleventh Circuit to file a second or successive § 2255 motion.

**ORDER**

**ACCORDINGLY**, it is **ORDERED** that:

1. The pending motion to vacate, set aside, or correct sentence (Doc. 1) is

**DISMISSED**, without prejudice, for lack of jurisdiction.

2. The Clerk is directed to term all pending motions within this case file and the associated criminal case, *United States v. Maxwell*, 2:12-cr-210-VEH-JHE.

3. The Clerk is further directed to send Maxwell the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

## CERTIFICATE OF APPEALABILITY DENIED

**IT IS FURTHER ORDERED** that Maxwell is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a federal habeas

3

petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant motion is clearly a successive § 2255 motion, Maxwell cannot make the requisite showing in these circumstances.

**DONE** and **ORDERED** this the 15th day of November, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge